Case 4:24-cv-01562   Document 7   Filed on 05/30/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEIDRICK & STRUGGLES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1562 |
| | § | |
| MELINDA MANSFIELD, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Heidrick & Struggles, Inc. ("Plaintiff") brought this breach-of-contract action against Melinda Mansfield ("Defendant") in state court.[1] Defendant filed a counterclaim in state court alleging age discrimination under federal and state law.[2] Plaintiff then removed the action to this court on the basis of federal question jurisdiction. For the reasons stated below, this action will be remanded to the 295th Judicial District Court of Harris County, Texas.

---

[1]Plaintiff's Original Petition ("Plaintiff's Complaint"), Exhibit D to Notice of Removal, Docket Entry No. 1-5, pp. 2, 5 ¶ 27. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Defendant's First Amended Original Answer & Counterclaim ("Defendant's Amended Answer"), Exhibit F to Notice of Removal, Docket Entry No. 1-7, pp. 4-6.

## I. Background

Plaintiff filed this action in the 295th Judicial District Court of Harris County, Texas.³ Plaintiff's Complaint alleges a Texas breach-of-contract claim against Defendant — Plaintiff's former employee.⁴ Defendant filed her Amended Answer alleging several counterclaims including an age discrimination claim under the federal Age Discrimination in Employment Act and state law.⁵ Plaintiff removed the action to this court on the basis of federal question jurisdiction citing Plaintiff's federal age discrimination claim. Having reviewed the Notice of Removal and the parties' pleadings, the court considered subject matter jurisdiction sua sponte.

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1675 (1994)). "The district courts shall have original [federal question] jurisdiction of all civil actions arising under

---

³Plaintiff's Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-5; Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1.

⁴Plaintiff's Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-5, p. 2 and p. 5 ¶ 27.

⁵Defendant's Amended Answer, Exhibit F to Notice of Removal, Docket Entry No. 1-7, pp. 4-6.

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. With limited exceptions not applicable here, "a case arises under federal law when federal law creates the cause of action asserted." Id. "Under the [well-pleaded complaint] rule, the existence of jurisdiction is determined solely from what appears on the face of plaintiff's complaint." Offices at 2525 McKinnon, LLC v. Ornelas, 681 F. Supp. 2d 778, 783 (N.D. Tex. 2010). It is well established that a counterclaim cannot provide federal question jurisdiction. Renegade Swish, L.L.C. v. Wright, 857 F.3d 692, 697 (5th Cir. 2017) (citing Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 122 S. Ct. 1889, 1894 (2002) and Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)).

"'Because we may not proceed without requisite jurisdiction, it is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary.'" Marceaux v. Lafayette City-Parish Consolidated Government, 731 F.3d 488, 490 (5th Cir. 2013) (emphasis in original) (quoting Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir. 1981)).

### III. Analysis

Plaintiff removed the action on the sole basis that Defendant's age discrimination counterclaim provides federal question jurisdiction. That is the only federal claim in the action. Because counterclaims cannot provide federal question

jurisdiction, the court does not have federal question jurisdiction in this case. See Renegade Swish, 857 F.3d at 697. The action will therefore be remanded for lack of jurisdiction.

### IV. Conclusion and Order

Because the court does not have jurisdiction, this action is **REMANDED** to the 295th Judicial District Court of Harris County, Texas. The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County.

**SIGNED** at Houston, Texas, on this the 30th day of May, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE